Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 7231 | **DATE** | 12/19/2001 |
| **CASE TITLE** | Moore vs. Illinois State Police | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ■ Status hearing set for 4/18/2002 at 9:45 A.M..

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Ruling held. **ENTER MEMORANDUM OPINION:** Defendant's motion (Doc 8-1) to dismiss is granted in part and denied in part. Moore may proceed with his claims of racial harassment and racial discrimination under Title VII. Defendants are give to January 3, 2002 to answer the complaint. All discovery to be completed by April 18, 2002.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | DEC 2 0 2001 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 12 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| SCT | courtroom deputy's initials | 01 DEC 20 AM 8:15 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



DEC 2 0 2001

| | |
|---|---|
| DARRICK MOORE, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>ILLINOIS STATE POLICE, )<br>)<br>Defendant. ) | 01 C 7231 |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter is before the court on the Defendant Illinois State Police's Rule 12(b)(6) and Rule 12(b)(1) motion to dismiss pro se Plaintiff Darrick Moore's ("Moore's") amended complaint. For the reasons set forth below, the motion is granted in part and denied in part.

## BACKGROUND

The following facts are taken from the allegations in Moore's amended complaint, which the court is obligated to accept as true for the purposes of this motion to dismiss. Moore was employed and trained by the Defendant while attending the Illinois State Police Academy ("the Academy"). During his time there, Moore alleges that he was exposed to numerous acts of racial harassment and discrimination.

Moore first alleges that he was removed from lunch, dinner, and many classes and placed into a separate room. He states that one of his supervisors, Sargent Ceja ("Ceja"), told him that he had no common sense and did not belong at the Academy. Ceja also allegedly told Moore to keep his mouth shut, to do as he was told, and that Ceja knows of Moore's "kind from the west side of Chicago." He further alleges that when he told another supervisor, Trooper Dennis DeMaught ("DeMaught"), that another cadet was stealing his towel and that this caused him to walk naked in the Academy hall after showering, DeMaught did not investigate the problem. Moore also alleges that, on one occasion, a cadet threw a sheet over him and then began beating him. According to his complaint, at least ten other cadets witnessed this act. He alleges that when he reported this incident to Ceja, Ceja laughed and took no action, despite the Academy's alleged requirement that fighting in the Academy be investigated immediately and that cadets found guilty of such conduct be dismissed.

Moore also takes issue with the Illinois State Police's stated reason for his termination. He claims that despite the fact that he maintained a "B" grade point average by passing all written tests, physical tests, and weapons qualifications, the Defendant informed him that he was terminated for failure to pass a required Emergency Vehicle Operations Course. To pass the Emergency Vehicle Operations Course test, cadets must drive the course in under two minutes and forty-five seconds.

He alleges that he drove the course under the required time on three different occasions, but that he was told he did not pass because of too much braking and steering.

After exhausting his administrative remedies, Moore filed an original complaint in this court on September 18, 2001. The Illinois State Police subsequently moved for a motion for a more definite statement and this court granted that motion on October 25, 2001. Moore filed his amended complaint on October 26, 2001. He brings his claims of racial harassment and discrimination under 42 U.S.C. § 1981, 42 U.S.C. § 1983, and 42 U.S.C. 2000(e) ("Title VII").

## LEGAL STANDARD

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the sufficiency of the complaint, not to decide the merits of the case. Triad Assoc., Inc. v. Chicago Housing Auth., 892 F.2d 583, 586 (7th Cir. 1989). In ruling on a motion to dismiss, the court must first construe the complaint's allegations in the light most favorable to the plaintiff and all well-pleaded facts and allegations in the plaintiff's complaint must be taken as true. Bontkowski v. First Nat'l Bank of Cicero, 998 F.2d 459, 461 (7th Cir. 1993). The allegations of a complaint should not be dismissed for failure to state a claim "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Hartford Fire Ins. Co. v. California, 509 U.S. 764 (1993); Sherwin Manor Nursing Ctr., Inc. v. McAuliffe, 37 F.3d 1216, 1219 (7th Cir.

1994). Nonetheless, in order to withstand a motion to dismiss, a complaint must allege facts sufficiently setting forth the essential elements of the cause of action. Lucien v. Preiner, 967 F.2d 1166, 1168 (7th Cir. 1992).

In reviewing a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court is limited to the allegations contained in the pleadings themselves. Documents incorporated by reference into the pleadings and documents attached to the pleadings as exhibits are considered part of the pleadings for all purposes. Fed.R. Civ.P. 10(c). In addition, "documents that a defendant attaches to a motion to dismiss are considered a part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." Venture Assoc. Corp. v. Zenith Data Sys. Corp., 987 F.2d 429, 431 (7th Cir. 1993). With these principles in mind, the court turns to the instant motion.

## DISCUSSION

The Illinois State Police presents the court with three grounds upon which to dismiss Moore's complaint. First, they argue that Moore's § 1981 and § 1983 claims are barred by the Eleventh Amendment. Alternatively, the Illinois State Police contend that Moore's § 1981 and § 1983 claims are barred by the statute of limitations. Finally, they contend that Moore fails to set forth a cause of action under Title VII. The court addresses each ground in turn.

The court first turns to the Illinois State Police's contention that the Eleventh Amendment bars Moore's § 1981 and § 1983 claims. The Eleventh Amendment prohibits a private party from suing a state. Under the Eleventh Amendment, a state

agency is treated the same as if the state itself is sued. Kroll v. Board of Trustees of the Univ. Of Ill., 934 F.2d 904, 907 (7th Cir. 1991). While the issue of whether the Eleventh Amendment bars a plaintiff's claims is more involved when a plaintiff has sued state employees, here Moore has named only the Illinois State Police as Defendant. Because the Illinois State Police is a state agency, Moore's § 1981 and § 1983 claims are barred by the Eleventh Amendment and must be dismissed. Mata v. Illinois State Police, Civ. No. 00 C 0676, 2001 U.S. Dist. LEXIS 3564, at *2 (N.D. Ill. Mar. 20, 2001); Bottoms v. Illinois Dept of Human Services, Civ. No. 00 C 1912, 2000 U.S. Dist. LEXIS 13785, at *6-7 (N.D. Ill. Sept. 11, 2000); Perkins v. Bd. Of Trustees of the Univ. Of Ill., Civ. No. 95 C 4320, 1996 U.S. Dist. LEXIS 7681 (N.D. Ill. June 3, 1996); Allen v. Bd. Of Governors of St Colleges and Univ., Civ. No. 93 C 380, 1993 U.S. Dist. LEXIS 3076, at *5 (N.D. Ill. Mar. 10, 1993).

Having dismissed Moore's § 1981 and § 1983 claims, the court need not address Defendant's argument that the statute of limitations on those claims has run. The court therefore turns to Defendant's contention that Moore's claim under Title VII is insufficient.

The court notes that Moore's complaint alleges two claims under Title VII. A claim that Defendant engaged in racial harassment and a claim of racial discrimination. See Daniels v. Essex Group, Inc., 937 F.2d 1264, 1270 (7th Cir. 1991) (stating harassment is an independent basis for a Title VII claim); Sanders v. City of Chicago,

Civ. No. 98 C 5838, 2000 WL 1989001 (N.D. Ill. Feb. 15, 2000). The Illinois State Police challenge only Moore's claim of race discrimination.

To state a claim for race discrimination, Moore must allege that: (1) he belongs to a protected class; (2) he performed his job satisfactorily; (3) he suffered adverse employment action; and (4) his employer treated similarly situated employees outside his classification more favorably. Hughs v. Brown, 20 F.3d 745, 746 (7th Cir. 1994). Defendants concede that Moore has sufficiently pled the first and the third elements, but maintain that Moore has not adequately pled the second and fourth element. The court disagrees. Moore has sufficiently alleged that he performed his job satisfactorily; he alleges that he maintained a "B" grade point average and passed all his required tests. Furthermore, the court gleans from Moore's complaint that the Illinois State Police treated cadets outside of Moore's classification more favorably. While the Illinois State Police calls this court to read the allegations in Moore's pro se complaint narrowly, we decline to do so. Wilson v. Civ. Town of Clayton, Ind., 839 F.2d 375, 378 (7th Cir. 1998) (pro se complaints not held to stringent standards expected of pleadings drafted by lawyers); Mallett v. Wisconsin Div. Of Vocational Rehab., 130 F.3d 1245, 1248 (7th Cir. 1997) (calling for liberal construction of pro se complaints); Ricketts v. Midwest Nat'l Bank, 874 F.2d 1177, 1183 (7th Cir. 1989) (courts obligated to ensure pro se plaintiffs given fair and meaningful consideration). We therefore find that Moore adequately alleges a prima facie case of race discrimination and has put Defendant on

notice of his claim. Bennett V. Schmidt, 153 F.3d 516, 518 (7th Cir. 1998) (stating Title VII race discrimination complaint need only say "I was turned down for a job because of my race.").

Defendant further argues that Moore's claim of race discrimination must be dismissed because he has alleged a nondiscriminatory reason for his dismissal: that he failed to pass the Emergency Vehicle Operations Course. Defendant's argument is off the mark. Moore has alleged that, although this is the reason the Illinois State Police advanced for his termination, he was in fact terminated because of his race.

Accordingly, Moore's § 1981 and § 1983 claims are dismissed, but his claims of racial discrimination and harassment under Title VII will stand.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is granted in part and denied in part. Moore may proceed with his claims of racial harassment and racial discrimination under Title VII.

Charles P. Kocoras
United States District Judge

Dated:   December 19, 2001