| | | | | |
|---|---|---|---|---|
| Minute Order Form (06/97) | United States District Court, Northern District of Illinois | | | |
| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | **Sitting Judge if Other than Assigned Judge** | | |
| **CASE NUMBER** | 01 C 7231 | **DATE** | 2/11/2003 | |
| **CASE TITLE** | Moore vs. Ceja | | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendant's Motion for Summary Judgment is granted. Status hearing set for 2/26/03 is stricken. Any other pending dates are stricken. Any pending motions are denied as moot.

(11) ■ [For further detail see order attached to the original minute order.]

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DARRICK MOORE, | ) |
| Plaintiff, | ) ) ) ) |
| v. | ) 01 C 7231 |
| ILLINOIS STATE POLICE | ) ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, Judge:

*Pro se* Plaintiff Darrick Moore claims he was subject to racial harassment and discrimination while he was a cadet with Defendant Illinois State Police. Defendant has moved for summary judgment. For the reasons stated herein, Defendant's motion is granted and judgment is entered in its favor.

**DOCKETED**
FEB 1 2 2003

## BACKGROUND

On October 25, 2001, Plaintiff filed an amended complaint against Defendant, contending that it violated 42 U.S.C. §1981, 42 U.S.C. §1983, and 42 U.S.C. §2000e. (R. 7-1.) Chief Judge Kocoras dismissed the §1981 and §1983 counts as barred by the Eleventh Amendment. *See Moore v. Illinois State Police*, No. 98 C 8063, 2001 WL 1636920 (N.D. Ill. Dec. 20, 2001). After Plaintiff filed a motion for summary judgment on August 15, 2002, (R. 17-1), the case was transferred to this Court on August 30, 2002, as part of a mass reassignment.

Pursuant to Local Rule 56.2, Defendant provided Plaintiff with a Notice to *pro se* litigant opposing motion for summary judgment after it filed its motion, statement of uncontested facts and supporting memorandum of law. (R. 22-1.) The 56.2 Notice states, in part:

> Your response must comply with Rule 56(e) of the Federal Rules
> of Civil Procedure and Local Rule 56.1 of this Court.... Your
> Rule 56.1 statement needs to have numbered paragraphs
> responding to each paragraph in the defendant's statement of facts.
> If you disagree with any fact offered by the defendant, you need to
> explain how and why you disagree with the defendant. You also
> need to explain how the documents or declarations that you are
> submitting support your version of the facts....
>
> * * *
>
> In your response, you must also describe and *include* copies of
> documents which show why you disagree with the defendants
> about the facts of the case .

Local Rule 56.2 (emphasis in original). The 56.2 Notice also warns *pro se* litigants that "[i]f you do not provide the Court with evidence that shows that there is a dispute about the facts, the judge ***will be required to assume that the defendant's factual contentions are true, and, if the defendant is also correct about the law, your case will dismissed.***" *Id.* (emphasis added).

On November 1, 2002, Plaintiff filed a response to Defendant's 56.1 Statement of Uncontested Material Facts. (R. 26-1.) Plaintiff's response violated Local Rule 56.1 because it: (1) failed to contain any references to evidence in support of Plaintiff's denials; (2) included unsupported additional facts in the individual responses, instead of a referenced statement of additional facts; and (3) did not attach any exhibits of evidence in support of Plaintiff's position.

Since Plaintiff is proceeding *pro se*, the Court informed him of his failings and gave him until January 6, 2003 to file a supplemental response in compliance with Local Rule 56.1. (R. 28-1.) The Court quoted the pertinent provisions of the Local Rule and explained that the Court was "giv[ing] the Plaintiff one last chance to properly respond to Defendant's statement. If he fails to provide appropriate citations and supporting material, ***Defendant's statements will be***

*deemed admitted* where appropriate." (*Id.* (emphasis added).) Plaintiff filed a supplemental response, (R. 30-1), but it suffers from the exact same infirmities. Indeed, rather than adding appropriate citations, Plaintiff merely furnished more unsupported denials and inappropriate responses.

Although this Court is mindful of Plaintiff's unrepresented status, "[e]ven *pro se* litigants must follow the rules." *Gleash v. Yuswak*, 308 F.3d 758, 761 (7th Cir. 2002). Plaintiff has been provided an opportunity to correct his noncompliance but has not done so. He has been warned about the consequences of failing to properly respond. Additionally, Plaintiff was provided with the 56.2 Notice informing him of his obligations. The Court therefore deems Defendant's entire statement of facts, where supported by evidence, admitted. *See* Local Rule 56.1(b)(3)(B); *see also Davis v. Ruby Foods, Inc.*, No. 00 C 5578, 2002 WL 1285797, at *1 (N.D. Ill. June 11, 2002) (deeming facts admitted where *pro se* plaintiff's submission did not conform to Local Rule 56.1).

## FACTS

### I. Plaintiff's Training And Performance As A Cadet

Darrick Moore is an African American male who was employed and trained by the Illinois State Police while he was a cadet with Defendant's Academy. (R. 17-3, Def.'s Rule 56.1 Statement ¶1.) Defendant terminated Plaintiff on September 29, 1995 for failing to pass an Emergency Vehicle Operations Course (the "Driving Test"). (*Id.* ¶¶2, 38.) Successful completion of the Driving Test is required as part of training. (*Id.* ¶40.) A cadet receives points based on the time it takes him to complete the test, with points subtracted for errors. (*Id.* ¶52.) The deductions represent the instructor's subjective measure of a cadet's driving ability, based on

3

such criteria as hand positioning, braking, accelerating, steering, and judgment and perception. (*See id.* ¶49.)

Moore failed his first two attempts at passing the Driving Test on September 22, 1995. (R. 17-3, Def.'s Rule 56.1 Statement ¶44.) His instructor, Master Sergeant Terry Granell, did not deem any area of his driving acceptable. (*Id.* ¶¶9, 41.) Granell noted poor performance with respect to Moore's hand positioning, roadway positioning, acceleration, steering, judgment and perception. (*Id.* ¶42.) Granell determined that Moore had trouble performing multiple tasks and was easily distracted. (*Id.*) Defendant told Moore about his driving deficiencies and failing score. (*Id.* ¶¶5, 10.)

On September 25 and 26, 1995, Moore participated in remedial training sessions, which Sergeant Gregory Parquette taught. (R. 17-3, Def.'s Rule 56.1 Statement ¶45.) Despite this extra practice and training, Plaintiff's driving performance did not improve to an acceptable level. (*Id.* ¶49.) Parquette determined if Moore were to become an Illinois State Trooper, his driving inadequacies would compromise the safety of the general public. (*Id.* ¶50.)

Moore failed the Driving Test on two additional occasions, making it four failures in all. On these last two attempts, he received scores of 67 and 62. (*Id.* ¶51.) On both occasions, the reviewers substantially reduced his scores based on perceived errors in his driving technique. (*Id.*) Defendant terminated Moore after he failed the last Driving Test. (*Id.* ¶2.) Moore blamed all four failures on the fact that his reviewers were Caucasian. (*Id.* ¶¶10, 12, 14, 16.) Three other African American cadets in Moore's training class passed the Driving Test and graduated as Illinois State Troopers. (*Id.* ¶28.)

4

## II. Moore Informs Defendant That Cadets Acted Against Him

At some point, Moore claimed that one or more cadets stole his towel while he showered. This caused him to walk naked in the academy. Defendant investigated this event and determined that it was not racial in nature. (R. 17-3, Def.'s Rule 56.1 Statement ¶35.) After he was terminated from the academy, Moore first told Defendant that a cadet had previously thrown a sheet over him and beat him. (*Id.* ¶36.)

## III. Moore Files Complaints With The EEOC

Moore filed identical complaints with the EEOC on October 25, 1995 and March 10, 1996. In those complaints, Moore only discussed "negative performance reviews" and the fact that Defendant discharged him. (R. 17-3, Def.'s Rule 56.1 Statement, Exs. 7, 8.) The only people that Moore mentions in the EEOC complaints are supervisors who explained why he was discharged and a cadet who Moore claims "received more favorable performance evaluations" despite performing at the same level as Moore did. (*Id.*) None of these allegations suggests that he was treated differently or even badly by his fellow cadets.

## SUMMARY JUDGMENT STANDARDS

Summary judgment is proper only when the evidence in the record shows that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The party moving for summary judgment has the initial burden of submitting affidavits and other evidentiary material which show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). A genuine issue of material fact exists when "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*,

477 U.S. 242, 249 (1986). Once a movant meets that initial burden, the burden shifts to the non-movant to present "appropriate evidence demonstrating that there was a pending dispute of material fact." *Adler v. Glickman*, 87 F.3d 956, 959 (7th Cir. 1996). The nonmoving party may not simply rely on "mere allegations" that a genuine issue of fact exists, but must instead counter the evidence submitted by the movant by providing "materials of evidentiary quality" to create material factual issues. *Id.* Because Plaintiff failed to submit evidence, the Court will assume that Defendant's factual contentions which are supported by the record are true. Local Rule 56.2. The only issue before the Court, therefore, is whether Defendant's factual contentions entitle it to judgment as a matter of law. *Id.*

## ANALYSIS

Defendant moves for summary judgment on both of Plaintiff's remaining claims for racial discrimination and racial harassment. First, Defendant argues that it is entitled to judgment as a matter of law with respect to the racial discrimination claim because Moore cannot meet his burden of producing evidence that establishes discrimination either directly or indirectly. Next, Defendant contends that it is entitled to judgment as a matter of law with respect to the racial harassment claim because the undisputed facts show that Moore has not exhausted his administrative remedies and that Moore's accusations – even taken as true – fail to reach the level of harassment. The Court agrees with Defendant and enters judgment in its favor.

I. **Defendant Is Entitled To Judgment As A Matter Of Law With Respect To Moore's Discrimination Claim**

To survive summary judgment, Plaintiff must show that the record contains evidence that he was terminated because of Defendant's discriminatory motive. *Adreani v. First Colonial*

*Bankshares Corp.*, 154 F.3d 389, 393 (7th Cir. 1998). Here, there parties agree that there is no evidence of direct discrimination. Moore must then proceed under the indirect burden-shifting method of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Under *McDonnell Douglas*, an employee has the initial burden of proving a *prima facie* case of discrimination, which requires the establishment of four elements: (1) that plaintiff belongs to some protected class, (2) that he performed his job satisfactorily, (3) that he suffered an adverse employment action, and (4) that his employer treated similarly-situated employees outside his classification more favorably. *Hughes v. Brown*, 20 F.3d 745, 746 (7th Cir. 1994). Once the plaintiff has done so, the burden of production shifts to the employer to articulate some legitimate, nondiscriminatory reason for its employment decision. *Id*. As soon as the defendant submits this proffered reason, the burden then shifts back to the plaintiff to show that the employer's stated reason is merely pretextual. *Id*. at 747.

Defendant argues that it is entitled to judgment as a matter of law because Moore cannot meets his initial burden of establishing a *prima facie* case for discrimination. Defendant claims first that the record is undisputed that Moore did not perform his job satisfactorily. Next, Defendant contends that there is no evidence of a similarly situated individual outside of Moore's class that was treated more favorably. Further, Defendant argues that even if Plaintiff can establish a *prima facie* case for discrimination, he cannot show that there is a genuine issue of material fact as to whether Defendant's proffered reason for termination is pretextual. The Court first addresses whether, providing Plaintiff with all reasonable inferences, Moore can establish a *prima facie* case for discrimination.

### A. Moore Cannot Show That He Performed His Job Satisfactorily

Plaintiff argues that he performed his job satisfactorily because he received passing grades on his academic, physical, weapons qualification, and written tests. This is not sufficient to raise a genuine issue of material fact for two reasons. First, that evidence is not before the Court as part of a Local Rule 56.1 Statement. Second, all it would prove is that Plaintiff performed *some* aspects of his job in a satisfactory manner. Plaintiff would still be left with the fact that he failed the required Driving Test each time he took it. The Driving Test was an essential part of Plaintiff's job that every cadet was required to complete successfully. Defendant gave Plaintiff multiple opportunities to pass the Driving Test. Because Plaintiff could not successfully complete this test, he has not raised a genuine issue of material fact as to whether he performed his job satisfactorily. It is undisputed from the evidentiary record that he did not.

### B. Moore Cannot Show That Defendant Treated Similarly Situated Employees Outside Of His Classification More Favorably

Providing Plaintiff with all reasonable inferences, he has not established that non-African American cadets who were similarly situated were treated more favorably than he was. In order to establish this element, Plaintiff must bring evidence that Defendant treated a non-African American who is directly comparable to Plaintiff in all material respects more beneficially. *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 680 (7th Cir. 2002). Plaintiff argues that he has established a genuine issue of material fact here because he alleges: (1) that a cadet[1] received waivers in lieu of passing some physical tests; and (2) that Moore was told to run faster than white runners.

---

[1] Plaintiff does not alert this Court to the cadet's race.

Plaintiff's contentions fail because Plaintiff did not file or cite to any evidence supporting these allegations. Even setting aside this necessity, however, Plaintiff does not provide any details as to how any of these cadets were directly comparable to him in all material respects. *Id.* Plaintiff does not even allege that a cadet outside of his protected class failed to pass the Driver's Test but became an Illinois State Trooper. In relying upon unsupported and general allegations, Plaintiff has not established a genuine issue of material fact as to whether Defendant treated similarly situated non-African Americans more favorably.

Even providing Plaintiff with all reasonable inferences, he cannot establish a *prima facie* case for discrimination. Therefore, Defendant is entitled to judgment as a matter of law with respect to Moore's racial discrimination claim. Accordingly, the Court does not need to address whether Plaintiff has introduced sufficient evidence to show that Defendant's reason for termination was a pretext for discrimination.

### III. Defendant Is Entitled To Judgment As A Matter Of Law With Respect To The Harassment Claims

Defendant contends that it is entitled to judgment as a matter of law with respect to Plaintiff's harassment claims for two reasons. First, it argues that Plaintiff did not exhaust his administrative remedies by filing a complaint concerning racial harassment with the EEOC. Second, Defendant claims that the conduct alleged by Plaintiff fails to reach the level of harassment as a matter of law. The Court agrees with Defendant's former argument and therefore does not need to address its latter contention.

Generally, a plaintiff cannot bring claims in a lawsuit that were not included in his EEOC charge. *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 47, 94 S.Ct. 1011, 1019, 39 L.Ed.2d

9

147 (1974); *Cheek v. Western & Southern Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994). There are two purposes behind this rule. First, it affords the EEOC and the employer an opportunity to settle the dispute through conference, conciliation and persuasion. *Id.* at 44, 94 S.Ct. at 1017. Second, it gives the employer some warning of the conduct about which the employee is aggrieved. *Rush v. McDonald's Corp.*, 966 F.2d 1104, 1110 (7th Cir. 1992).

It is well settled that "[a]n aggrieved employee may not complain to the EEOC of only certain instances of discrimination, and then seek judicial relief for different instances of discrimination." *Rush*, 966 F.2d at 1110. On the other hand, a Title VII plaintiff does not need to allege in an EEOC charge each and every fact that combines to form the basis of each claim in his lawsuit. *Cheek*, 31 F.3d at 500. There is a two step test to determine whether an EEOC charge sufficiently encompasses the claims in a complaint. *See Jenkins v. Blue Cross Mut. Hosp. Ins., Inc.*, 538 F.2d 164, 167 (7th Cir. 1976) (en banc). First, the Court analyzes whether there is a reasonable relationship between the allegations in the charge and the claims in the complaint. *Id.* Second, the Court decides whether the claim in the complaint can reasonably be expected to grow out of an EEOC investigation of the allegations in the charge. *Id.* The second step requires the Court to "speculate" as to what the EEOC might discover during the course of an investigation. *Cheek*, 31 F.3d at 500.

Plaintiff alleges that the harassment took three forms: (1) he claims that at least one other cadet stole his towel while he showered; (2) he claims that he was taken out of classes, lunch and dinner on some occasions; (3) he claims that one cadet threw a sheet over him and beat him. None of these allegations, however, appear in either of his EEOC complaints. Further, they have no reasonable relation to Plaintiff's EEOC allegations. Moore's EEOC complaints were solely

related to his poor performance reviews and his termination. It is highly unlikely that the EEOC would discover this conduct when focusing its investigation on the poor performance reviews and his termination. Accordingly, Plaintiff failed to exhaust his administrative remedies with respect to his harassment claim and Defendant is entitled to judgment as a matter of law.

## CONCLUSION

Plaintiff, a *pro se* litigant, has failed to follow the rules for summary judgment. The Court has given him a chance to correct his mistakes, but he has not done so. Based on the evidentiary record supplied to the Court, there is no genuine issue of material fact. Defendant is entitled to judgment as a matter of law with respect to Plaintiff's racial discrimination and harassment claims..

DATED: February 11, 2003         ENTERED

```
                        _____
                        AMY J. ST. EVE
                        United States District Judge
```